# IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE

| | |
|---|---|
| JENNIFER BABSON,<br><br>Plaintiff,<br><br>vs.<br><br>RHONDA JONES and LANDSTAR RANGER INC.,<br><br>Defendants. | No.: 79348<br>JURY DEMAND<br><br>FILED<br>JAN 18 2022<br>10:32 O'CLOCK<br>MELISSA HARRELL<br>DEPUTY CLERK |

## COMPLAINT

Your Plaintiff, for cause of action against the Defendants, would respectfully show unto this Honorable Court the following:

### JURISDICTION and VENUE

1. Plaintiff, JENNIFER BABSON, is a citizen and resident of Murfreesboro, Rutherford County, Tennessee and submits herself to the jurisdiction and venue of this court, for the purpose of prosecuting this action.

2. Based upon information and belief, Defendant, RHONDA JONES, is a citizen and resident of Stone Mountain, Georgia and submits herself to the jurisdiction and venue of this court by virtue of having operated a motor vehicle in the county complained of herein.

3. Based upon information and belief, Defendant, LANDSTAR RANGER, INC. is a Delaware corporation with its principal place of business located at 13410 Sutton Drive South, Jacksonville, Florida and can be served through its registered agent CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919.

1


EXHIBIT A

4. Defendant, LANDSTAR RANGER, INC., is subject to the jurisdiction and venue of this court by being an owner of the vehicle operated by Defendant, RHONDA JONES.

5. Defendant, RHONDA JONES, was an employee or agent of Defendant, LANDSTAR RANGER, INC., at all relevant times.

6. Based upon information and belief, Defendant, RHONDA JONES was at all relevant times an authorized agent and/or representative of Defendant, LANDSTAR RANGER, INC., doing the business of Defendant, LANDSTAR RANGER, INC., and in the course and scope of employment with Defendant, LANDSTAR RANGER, INC. Wherefore, Defendant, LANDSTAR RANGER, INC., is and should be held liable for the negligent acts and omissions of Defendant, RHONDA JONES, as alleged herein.

7. At all times relevant hereto Defendant, LANDSTAR RANGER, INC., was acting by and through its employees/agents and is responsible for the acts of those employees and agents pursuant to respondent superior, agency or similar theory of law.

## OCCURRENCE GIVING RISE TO ACTION

8. On 2/15/2021, a collision occurred on I-24 West in Murfreesboro, Rutherford County, Tennessee, between a 2013 Nissan NV operated and owned by Jason McAfee in which Plaintiff JENNIFER BABSON was a passenger, and a 2015 FRGHT Semi tractor trailer truck operated by Defendant, RHONDA JONES and owned by Defendant LANDSTAR RANGER, INC..

9. At said date, time, and place, Plaintiff, JENNIFER BABSON, was traveling on interstate 24 when Defendant RHONDA JONES, who was travelling in the next lane over, was driving too fast for conditions, lost control of her vehicle, failed to maintain her lane, and caused a crash with the vehicle Plaintiff was riding in.

2

## ALLEGATIONS OF NEGLIGENCE

10. Defendant, RHONDA JONES, was then and there negligent in that she was speeding, was driving too fast for conditions, was failing to maintain her lane, was driving in a reckless manner, and failed to keep her vehicle under due and reasonable control without regard for the safety of the public in general, and your Plaintiff in particular.

11. Defendant, RHONDA JONES, was further guilty of negligence per se in that she violated the following statutes of the Tennessee Code Annotated:

*§55-10-205. Reckless Driving.* --(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

*§55-8-136. Drivers to exercise due care*...(b) Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with another motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endangering life, limb or property.

*§55-8-103. Required obedience to traffic laws - Penalty.* It is unlawful and, unless otherwise declared...it is a Class C misdemeanor, for any person to do any act forbidden or fail to perform any act required in this chapter and chapter 10 of this title...

*§55-8-123. Driving on roadways laned for traffic.* Whenever any roadway has been divided into two (2) or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply: (1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety...

*§55-8-152. Speed Limit Penalties.* (a) Except as provided in subsection ©, it is unlawful for any person to operate or drive a motor vehicle upon any highway or public road of this state in excess of sixty-five miles per hour (65 mph).

12. At said date, time and place, Defendant, RHONDA JONES, violated Tennessee Code

Annotated: *§55-10-205. Reckless Driving, §55-8-136. Drivers to exercise due care,*

3

*Driving on Marked Lanes (55-8-123), §55-8-152. Speeding, and Obedience to Traffic Laws (55-8-103).*

13. Defendant, LANDSTAR RANGER, INC., was further guilty of negligence per se in that it violated one or more sections of the Federal Motor Carrier Safety Regulations ("FMCSR"), which can be found at 49 C.F.R. sections 301 to 399 either directly or as adopted by the Tennessee Department of Transportation Safety Rules and Regulations sections 1340-6-1-20 pursuant to Sections 65-2-102 and 65-15-113 of the Tennessee Code.

14. Upon information and belief, Defendant, LANDSTAR RANGER, INC., and/or their affiliates under common or overlapping ownership, management and/or control, owned the vehicle operated by Defendant, RHONDA JONES, at the time of the accident referenced herein. This Defendant negligently entrusted the vehicle to a motor carrier and/or operator that it knew or should have known could not be relied upon to use it safely and failed to properly inspect, maintain and repair the truck while it was in use thereafter.

15. Upon information and belief, Defendant, LANDSTAR RANGER, INC. and their affiliates knew, or in the exercise of reasonable care should have known, that Defendant, RHONDA JONES, to whom the vehicle was entrusted did not make reasonable efforts to comply with applicable Federal or State Motor Carrier Safety Regulations and did not have management practices in place to properly screen, qualify and supervise their drivers and/or to safely maintain their equipment during intervals between scheduled maintenance.

4

Case 3:22-cv-00131   Document 1-1   Filed 02/25/22   Page 4 of 10 PageID #: 7

16. Defendant, LANDSTAR RANGER, INC., is responsible for the negligent acts and/or omissions of Defendant, RHONDA JONES, under what is known as respondeat superior, which makes an employer responsible for the negligence of its employees, under Tennessee law and under the FMCSRs at 49 C.F.R. section 390.5.

17. Defendant, LANDSTAR RANGER, INC., was also negligent in regard to the collision in the following ways:

    a. negligently hiring Defendant, RHONDA JONES, to drive a tractor-trailer;

    b. negligently training Defendant, RHONDA JONES, to drive a tractor-trailer;

    c. negligently retaining Defendant, RHONDA JONES, to drive a tractor-trailer;

    d. negligently supervising Defendant, RHONDA JONES, to drive a tractor-trailer;

    e. failing to use due care with regard to Defendant, RHONDA JONES.

18. Defendant, LANDSTAR RANGER, INC. was the sole owner of the tractor and trailer being driven by Defendant, RHONDA JONES at all relevant times listed herein.

19. The negligence of Defendants by violation of the statutes and as set out in the common law, constituted the proximate cause of the said collision and of the injuries and damages to your Plaintiff as set out below. The acts and omissions of Defendants were wanton and willful, and demonstrated gross disregard of public safety and the safety of Plaintiff in particular.

## DAMAGES

20. As a direct and proximate result of said vehicular accident, Plaintiff, JENNIFER BABSON, sustained severe, permanent, and painful personal injuries from which she has endured and shall continue to endure pain, suffering, emotional duress, and the loss of

ability to participate in and enjoy the pleasures of life, for all of which she deserves to be compensated.

21. As a direct and proximate result of said vehicular accident, Plaintiff, JENNIFER BABSON, has incurred and shall continue to incur medical expenses for which she deserves to be compensated.

### WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

A) For process to issue and be served upon the Defendants, requiring Defendants to answer the allegations hereof;

B) For a money judgment in favor of Plaintiff, JENNIFER BABSON, against the Defendants in the amount of One Hundred Thousand Dollars ($100,000.00);

C) For a jury of twelve to try this cause; and

D) For costs to be taxed to the Defendants.

Respectfully submitted,

BART DURHAM INJURY LAW

By: *Aaron Woodard*

AARON WOODARD, Bar No.: 024807
BLAIR DURHAM, Bar No.: 021453
Attorneys for the Plaintiff
404 James Robertson Parkway Suite 1712
Nashville, Tennessee 37219
(615) 242-9000

State of Tennessee, Rutherford County
The undersigned, Circuit Court Clerk of the said County and State, hereby certifies that the foregoing is a correct copy of the instrument filed in the foregoing case in the Circuit Court of Murfreesboro, Tennessee.
This ___ day of _____
MELISSA HARRELL
Deputy Clerk

**CIRCUIT COURT SUMMONS**   Rutherford COUNTY   MURFREESBORO, TENNESSEE
**STATE OF TENNESSEE**

JENNIFER BABSON,                    CIVIL DOCKET NO:

    Plaintiff(s),

vs.

RHONDA JONES and LANDSTAR RANGER INC.,

    Defendant(s).

**Method of Service:**
- ☐ Sheriff  79348
- ☒ Out of County Sheriff
- ☐ Secretary of State
- ☐ Certified Mail
- ☐ Personal Service
- ☐ Commissioner of Insurance

**SERVE:**
LANDSTAR RANGER, INC.
Through the Knox County Sheriff's Department:
c/o Registered Agent CT Corporation System
300 Montvue Road
Knoxville, TN 37919

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in Circuit Court, Rutherford County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: _____1-18-_____, 20 22

Circuit Court Clerk
RutherfordCounty, Tennessee

By _____
Deputy Clerk

ATTORNEY FOR PLAINTIFF Bart Durham Injury Law      Phone: (615) 242-9000
404 James Robertson Parkway, 1712 Parkway Towers
    or  Nashville, TN 37219

PLAINTIFF'S ADDRESS _____

TO THE SHERIFF:
Please execute this summons and make your return hereon as provided by law.

Circuit Court Clerk

Received this summons for service this __28th__ day of __Jan__,
20 __22__.

DEBBIE ROGERS
400 MAIN AVE.
KNOXVILLE, TN 37902
SHERIFF

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return, that on the __28th__ day of __Jan__, 20 __22__ I served this summons together with the complaint herein as follows: __Landstar Range Inc.__
__c/o CT Corp__

_____  
SHERIFF  
BY: _____

DEBBIE ROGERS
400 MAIN AVE.
KNOXVILLE, TN 37902

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20____ I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Case No. _____ to the defendant, _____. On the _____ day of _____, 20____ I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE
ME ON THIS ___ DAY OF _____ 20____

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS

____ NOTARY PUBLIC or ____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

## NOTICE

TO THE DEFENDANT(S):
Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be sized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF _____

I, _____, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

_____, CLERK

(To be completed only if copy certification required).

By: _____ D.C.



# CT Corporation

**Service of Process Transmittal**
01/28/2022
CT Log Number 540957832

**TO:** Jeff Peterson
Landstar System Holdings, Inc.
13410 Sutton Park Dr S
Jacksonville, FL 32224-5270

**RE:** **Process Served in Tennessee**

**FOR:** Landstar Ranger, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JENNIFER BABSON // To: Landstar Ranger, Inc. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 79348 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/28/2022 at 09:47 |
| **JURISDICTION SERVED:** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/28/2022, Expected Purge Date: 02/02/2022 |
| | Image SOP |
| | Email Notification, Michael K. Kneller  mkneller@landstar.com |
| | Email Notification, Richard A. Clark  RCLARK1@LANDSTAR.COM |
| | Email Notification, Jeff Peterson  jpeterson2@landstar.com |
| | Email Notification, Don Stambaugh  dstambaugh@landstar.com |
| | Email Notification, John Neff  jneff@landstar.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>300 Montvue RD<br>Knoxville, TN 37919<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other



**CT Corporation**

**Service of Process Transmittal**
01/28/2022
CT Log Number 540957832

TO: Jeff Peterson
Landstar System Holdings, Inc.
13410 Sutton Park Dr S
Jacksonville, FL 32224-5270

RE: **Process Served in Tennessee**

FOR: Landstar Ranger, Inc. (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.