IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JENNIFER BABSON, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:22-cv-00131 |
| | ) | |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| RHONDA JONES and LANDSTAR RANGER, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | | |

**ORDER**

The parties have filed a Stipulation of Dismissal (Doc. No. 11, "Stipulation"). Via the Stipulation, the parties agree to the voluntary dismissal without prejudice of unnamed Defendant Direct Insurance Company ("Direct").[1]

Though the parties did not indicate a particular Rule pursuant to which they filed the Stipulation, Rule 21 provides that the Court may at any time, on motion or on its own, add or drop a party or claim "on just terms." Fed R. Civ. P. 21. Other circuits disagree, but district courts in this circuit routinely apply Rule 21, rather than Rule 41, when dismissing fewer than all defendants or claims. *United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 464 (E.D. Ky. 2018) (citing cases). This distinction between Rules 41 and 21 is not meaningless. *Id*. at 465. First, dropping less than the entirety of an action risks prejudice to the other parties. And, secondly, this is a federal court, where the rules matter. *Id*. In other words, "the procedural vehicle makes a

---

[1] For background on the concept of an "unnamed" defendant under Tennessee law (which the Court deems applicable for present purposes to this action, which was removed from state court based on diversity of jurisdiction), including the notion that in some ways an unnamed defendant is to be treated just like a named defendant, see *Thompson v. TRW Automotives U.S. LLC*, No. 3:15-CV-01033, 2016 WL 3632989, at *5 (M.D. Tenn. July 7, 2016).

difference." *EQT Gathering, LLC v. A Tract of Prop. Situated in Knott Cty., Ky.*, No. CIV.A. 12-58-ART, 2012 WL 3644968, at *4 (E.D. Ky. Aug. 24, 2012).

The Court will thus construe the parties' Stipulation as a motion under Rule 21 to drop a party defendant, and the Court must make an independent determination that dropping this party is appropriate. Here, the Court has little difficulty concluding that the interests of justice support dropping the party as requested, given both its potential for increasing judicial efficiency in resolving this dispute and the absence of any objection.

Because the Stipulation indicates that the claims against Direct are dismissed without prejudice, Plaintiffs' claims against Direct are hereby **DISMISSED** without prejudice. The Court also finds that the provisions contained in paragraphs two and three of the Stipulation to be fair and reasonable (i.e., "just" within the meaning of Rule 21), and thus orders the following:

1. In the event that the Plaintiff desires to recommence this action as it relates to Direct more than one (1) year from the entry of this Order, such action shall not be barred by any statute of limitations / savings statute, with Direct expressly waiving such defenses.

2. If the Plaintiff desires to recommence this action against Direct, Plaintiffs shall inform counsel for Direct of the action by written correspondence. After receipt of said correspondence, Direct shall be allowed thirty (30) days to review the file, submit an Answer (if necessary), and proceed with defending this action. Nothing in this Order shall prohibit or limit Direct's ability to propound interrogatories, take depositions, or otherwise conduct its own discovery, should this action be recommenced against it.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE